IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONG RAN and
DEJING SU,

    Plaintiffs,

v.                                    CASE NO. 1:18-cv-112-MW-GRJ

ALACHUA COUNTY FIRE RESCUE and
NORTH FLORIDA REGIONAL
MEDICAL CENTER,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiffs, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case for lack of subject matter jurisdiction.

Plaintiffs sue Alachua County Fire Rescue, which allegedly transported Plaintiff Rong Ran's late husband "Bill" by ambulance, as well as North Florida Regional Medical Center, the hospital to which he was transported and where he subsequently passed away. Plaintiffs allege that Defendants committed "crime and malpractice" in connection with Bill's transportation and treatment. Plaintiffs allege that the transport was inexplicably delayed. When Plaintiff Rong Ran arrived at the hospital, Bill

was bleeding uncontrollably.  Plaintiff alleges that the hospital did not inform her of Bill's cause of death and refused to give her his medical records.  Plaintiff seeks damages for Bill's "wrongful death" and for her pain and suffering.  ECF No. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*)*.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the

complaint. *See Taylor v. Appleton,* 30 F.3rd 1365, 1367 (11th Cir. 1994). It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.[1] Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question.[2]

According to the Complaint, all parties are residents of Gainesville, Florida, and thus there is no diversity of citizenship. To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983. To assert a claim under § 1983 a plaintiff must allege that: (1) an act or omission deprived her of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

[2] 28 U.S.C. § 1331.

requirements, or fails to provide factual allegations in support of her claim, the complaint is subject to dismissal. *Id.* at 737-38.

Plaintiffs allege no cognizable federal cause of action in the Complaint. There are no facts suggesting that Defendants violated any of Plaintiffs' constitutional rights, or the constitutional rights of Plaintiff Rong Ran's husband. Rather, it is clear that if Plaintiffs have any claims against Defendants they would arise under state tort law.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis for the exercise of federal subject matter jurisdiction.

Accordingly, it is **ORDERED** that Plaintiffs' motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED** for the limited purpose of dismissing this case.

It is respectfully **RECOMMENDED** that this case should be

**DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** in Gainesville, Florida, on the 27th day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.